IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Martha Jane Dickson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 7:20-1337-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Alejandro Artola, ML Cartage Services Inc., and Francisco Pena, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

This case arises out of an automobile accident that occurred on October 17, 2018, in Spartanburg County, South Carolina. Plaintiff Martha Jane Dickson ("Dickson") claims that, while driving, she was struck by a freight truck driven by Defendant Alejandro Artola ("Artola") and sustained injuries. (Compl. ¶¶ 8-15, ECF No. 1.) Dickson asserts that Artola is an agent, servant, and employee of Defendants Francisco Pena ("Pena") and ML Cartage Services Inc. ("ML Cartage"), a now-dissolved Florida corporation (collectively "Movants"). (Id. at ¶¶ 6, 8-15, 31, ECF No. 1.) Dickson sued Artola, Pena, and ML Cartage, alleging negligence, gross negligence, recklessness, alter ego, joint enterprise, and joint and several liability. (Id., generally, ECF No. 1.)

On June 5, 2020, Movants filed a motion to dismiss or, in the alternative, quash service of process pursuant to Rules 12(b)(2), (4), (5), and (6) of the Federal Rules of Civil Procedure for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. (Mot., ECF No. 9.) Dickson filed a response on June 19, 2020. (Resp., ECF No. 11.) On June 26, 2020, Movants filed a reply. (Reply, ECF No. 12.) This matter is now ripe for review.

1

## I. Discussion of the Law

Under Rule 4(e)(2) of the Federal Rules of Civil Procedure, a plaintiff may effectuate service on an individual by "delivering a copy of the summons and of the complaint to the individual personally[,]" "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[,]" or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Moreover, a plaintiff may serve an individual by following the state law "where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). South Carolina and Florida have similar rules for serving individuals.[1]

When serving a corporation, a plaintiff must serve the summons and complaint in a manner permitted by the state law "where the district court is located or where service is made" or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(A)-(B); 4(e)(1). South Carolina and Florida also have similar rules for serving corporations.[2]

---

[1] Under Rule 4(d)(1) of the South Carolina Rules of Civil Procedure, a plaintiff may serve an individual "by delivering a copy of the summons and complaint to him personally or by leaving copies thereof at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, or by delivering a copy to an agent authorized by appointment or by law to receive service of process."

Under Florida law, "[s]ervice of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading on paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031(1)(a).

[2] Under Rule 4(d)(3) of the South Carolina Rules of Civil Procedure, a plaintiff may serve a corporation "by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive

As an initial matter, Dickson argues both that Movants' motion is premature because the time period for her to effectuate service has yet to expire and that Movants have waived the right to raise the defense of insufficient service of process "by requesting extensions, responding to standard interrogatories, and filing motions for protection from the court." (Resp. 1, 9, ECF No. 11.)  However, because Dickson filed affidavits of service indicating that she properly served Pena and ML Cartage, Movants' motion challenging this service is not premature. (Pena Service, ECF No. 5-1; ML Cartage Service, ECF No. 6-1.)  Moreover, a party waives the defenses in Rules 12(b)(2) through (5) of the Federal Rules of Civil Procedure by failing to raise them before responsive pleading or as part of the responsive pleading. Fed. R. Civ. P. 12(h); see e.g., Hand Held Prods., Inc. v. Code Corp., 265 F. Supp. 3d 640, 642-43 (D.S.C. 2017).  Because Movants' motion to dismiss is their first responsive pleading, the court will address Movant's motion herein.

Dickson attempted to serve Movants through a process server, who left a copy of the summons and complaint with Chris Perez ("Perez") at 3219 SW 141st Ave., Miami, FL 33175.

---

service of process . . . ."

Further, in Florida, process against corporations may be served as follows: "(a) On the president or vice president, or other head of the corporation; (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager; (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state." Fla. Stat. § 48.081(1)(a)-(d).  Moreover, "[a]s an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.091.  However, if service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Fla. Stat. § 48.081(3)(a).  In addition, "[i]f the address for the registered agent, officer, director, or principal place of business is a residence . . . , service on the corporation may be made by serving the registered agent, officer, or director in accordance with s. 48.031." Fla. Stat. § 48.081(3)(b).

(Pena Service, ECF No. 5-1; ML Cartage Service, ECF No. 6-1.) Dickson contends that service was proper because she acted in good faith by serving Perez, one of Pena's adult relatives, with a copy of the summons and complaint at this address. (Resp. 5-7, ECF No. 11.) Moreover, Dickson claims that this address was listed in the public records of the Florida Secretary of State as ML Cartage's principal address and mailing address and as the address for the registered agent and "Owner/Director Detail[,]" which was Pena. (Id. at 2, ECF No. 11.) In addition, Dickson asserts that in the public record of the Federal Motor Carrier Safety Administration, this address is listed as the business address and mailing address. (Id. at 2-3, ECF No. 11.)

However, providing a copy of the summons and complaint to Perez at this address was insufficient to effectuate proper service as to Pena or ML Cartage. First, Dickson has not properly served Pena in accordance with federal, South Carolina, or Florida law. Dickson did not provide a copy of the summons and complaint to Pena personally. (Pena Service, ECF No. 5-1.) Moreover, Pena has not lived in the residence at that address in over ten years, so it could not constitute his dwelling house or usual place of abode. (Mem. Supp. Mot. 4, ECF No. 9-1.) Further, Perez does not live at the residence and thus was not an individual who resides there. (Id., ECF No. 11.) Additionally, Dickson has not presented any evidence that Perez was an agent authorized by appointment or by law to receive service of process for Pena. Scott v. Md. State Dep't of Labor, No. 15-1617, 673 Fed. App'x 299, 304 (4th Cir. Dec. 20, 2016) (unpublished) ("The plaintiff bears the burden of proving adequate service once a motion to dismiss for insufficient service of process has been filed . . . ."). Thus, Dickson has failed to properly serve Pena.

Moreover, Dickson has not properly served ML Cartage.  Perez has never been affiliated with ML Cartage, and Dickson has presented no evidence that Perez was an agent authorized by appointment or by law to receive service on behalf of ML Cartage.  (Mem. Supp. Mot. 4, ECF No. 9-1.)  Thus, Perez does not qualify under any of the enumerated categories of persons allowed for service of process under federal, South Carolina, or Florida law, and ML Cartage has not been properly served.

Dickson also argues that service was proper because the principal object of service is to provide notice, and Movants have notice of this lawsuit, as evidenced by their retaining counsel. (Resp. 5-7, ECF No. 11.)  However, Movants' counsel has indicated that they were retained by ML Cartage's insurance company, after Dickson's counsel sent a courtesy copy of the summons and complaint to an insurance adjuster.  (Mem. Supp. Mot. 10, ECF No. 9-1.)  Moreover, Movants' counsel asserts that neither they nor the insurance adjuster have had any contact with Pena regarding the litigation.  (Id., ECF No. 9-1.)  In addition, Pena's son indicated that he has not spoken with Pena in months because the telephone number he has for Pena has been disconnected and, when they last spoke, Pena was in Mexico.  (Id., ECF No. 9-1.) Consequently, without more, Dickson has not met her burden of proving service was adequate.

Since service was improper, Movants' counsel argues that the instant matter should be dismissed.  (Id., generally, ECF No. 9-1.)  However, "[i]n some instances, it is improper to dismiss a complaint when the plaintiff can properly serve the defendant."  Brown-Thomas v. Hynie, 367 F. Supp. 3d 452, 461 (D.S.C. 2019); see e.g., Vorhees v. Fischer, 697 F.2d 574, 576 (4th Cir. 1983) (citing Bailey v. Boilermakers Local 667 of Int'l Bhd. of Boilermakers, 480 F. Supp.  274, 278 (N.D. W. Va. 1979) ("If the first service of process is ineffective, a motion to

dismiss should not be granted, but rather the court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service.")).

Moreover, while Rule 4(m) of the Federal Rules of Civil Procedure provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action . . . [,]" that Rule also iterates that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "What constitutes good cause for purposes of Rule 4(m) necessarily is determined on a case-by-case basis within the discretion of the district court." Collins v. Thorton, No. 18-1995, 782 Fed. App'x 264, 267 (4th Cir. Aug. 13, 2019) (unpublished) (citations and internal quotation marks omitted).

The court finds that Dickson may still be able to properly serve Movants, and thus, quashing the service of process instead of dismissing the complaint is the proper recourse at this stage. In fact, the time period for Dickson to properly serve Movants has not expired, as the current deadline is July 6, 2020. Moreover, the court finds that Dickson has demonstrated good cause to warrant an extension in the time period to effectuate service.[3] Dickson attempted service based on the address in the public records for Pena and ML Cartage. Moreover, despite

---

[3] Movants argue that the issue of whether Dickson has demonstrated good cause to warrant an extension is not properly before the court at the motion to dismiss stage. (Reply 10, ECF No. 12.) However, courts in this district have routinely addressed the issue of good cause at the motion to dismiss stage. See e.g., Lee v. Low Country Health Care Sys., Inc., Civil Action No.: 1:19-cv-02037-JMC, 2020 WL 2192781, at *2, *3 (D.S.C. May 6, 2020) (unpublished); McKenna v. Mullins, Case No.: 08-CV-01813-PMD, 2008 WL 11348727, at *1, *3-4 (D.S.C. Oct. 31, 2008) (unpublished). Moreover, Movants submitted argument on whether Dickson has demonstrated good cause.

the fact that Pena's whereabouts are currently unknown, Dickson has indicated that she is still attempting further service on Movants. (Resp. 4, ECF No. 11.) There is also a dispute between the parties about whether Movants were in compliance with federal regulations requiring a designated agent for service of process. (Id. at 2-3, ECF No. 11; Reply 4-5, ECF No. 12.) Therefore, the court will extend the service deadline sixty (60) days beyond the July 7, 2020 deadline.[4]

It is therefore

**ORDERED** that Movants' motion to dismiss, or in the alternative, quash service of process, docket number 9, is granted in part and denied in part. The court denies Movants' motion to dismiss but grants Movants' motion to quash. It is further

---

[4] Movants also argue that, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, the court lacks personal jurisdiction over Movants because they have not been properly served. (Mem. Supp. Mot. 2, 10, ECF No. 9-1.) However, because the court grants Dickson an extension to effectuate proper service, the court need not address this argument. Moreover, while moving in part pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Movants fail to set forth any argument that the instant matter should be dismissed for failure to state a claim upon which relief can be granted. (Mot. 1, ECF No. 9.) As such, and based on a thorough review of the record in this case, the court finds that Dickson has stated a claim that is plausible on its face and Movants' motion to dismiss is denied on this basis.

**ORDERED** that Dickson's July 7, 2020 deadline for effectuating service of process is extended by sixty (60) days.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
July 6, 2020